The Honorable Truman G. Scarborough, Jr. Chairman, Brevard County Commission 400 South Street First Floor, Suite 1A Titusville, Florida 32780-7698
Dear Commissioner Scarborough:
On behalf of the Board of County Commissioners of Brevard County, you have asked for my opinion on substantially the following question:
Does the appointment of an at-large member of the Titusville-Cocoa Airport Authority pursuant to Chapter 83-374, section 7, Laws of Florida, require the unanimous approval of the Brevard County Commissioners from Districts 1, 2 and 4?
In sum:
Unanimous approval of the Brevard County Commissioners from Districts 1, 2, and 4, is not required for the appointment of an at-large member of the Titusville- Cocoa Airport Authority under the provisions of Chapter 83-374, section 7, Laws of Florida.
Chapter 63-1143, at 192, Laws of Florida, created the Titusville-Cocoa Airport District in Brevard County.[1] The act provided that the governing body of the authority would consist of six members. Of these members, one was to be appointed by the City Council of the City of Titusville, one was to be appointed by the City Council of the City of Cocoa, and four were to be appointed by the Board of County Commissioners of Brevard County from among the residents of the geographical limits of certain county commission districts. Nothing in Chapter 63-1143 prescribed the number of county commissioners who were required to vote for the appointment of a district authority member.[2]
In 1983 the act was amended. Chapter 83-374, Laws of Florida, increased the number of authority members to make a total of seven and altered the selection process as follows:
two . . . shall be appointed by the County Commissioner for District One, both . . . shall reside within District One and at least one . . . shall reside within the City of Titusville, Florida; two . . . shall be appointed by the County Commissioner for District Two, both . . . shall reside within District Two and at least one of whom shall reside either within the City of Cape Canaveral, Florida, or the City of Cocoa Beach, Florida; two . . . shall be appointed by the County Commissioner for District Four, both . . . shall reside within District Four and at least one . . . shall reside either within the City of Cocoa, Florida, or the City of Rockledge, Florida; and one of whom shall be appointed jointly of the County Commissioners for Districts One, Two and Four and such appointee shall reside within the Titusville-Cocoa Airport District. . . . (e.s.)
Thus, the Legislature required that six of the authority members be appointed by individual county commissioners and that one be "appointed jointly" by the commissioners from specific districts.
I cannot say that the requirement that this one member who is to be "appointed jointly" is a requirement for a unanimous appointment. It would appear that by requiring that the appointment be made jointly by these three commissioners, the Legislature was merely distinguishing between those members who are appointed by single commissioners and the member whose appointment requires the participation of all three county commissioners in the selection process.
The word "jointly" is commonly understood to mean "in a joint manner: [t]ogether,"[3] "[s]hared by or common to two or more" and "[f]ormed or characterized by cooperation or united action[.]"[4]
Black's Law Dictionary defines the term as "[i]n a joint manner; in concert; not separately; in conjunction."[5] In the absence of any evidence that a more technical definition was intended, these common definitions should control the term as used in Chapter 83-374, Laws of Florida.[6]
Thus, the at-large member of the Titusville-Cocoa Airport District who is to be "appointed jointly" by the County Commissioners for Districts One, Two and Four as prescribed by Chapter 83-374, section 1, at 31, Laws of Florida, should be chosen by a process in which all three commissioners participate, but the member need not be selected unanimously.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Chapter 63-1143, s. 3, at 193, Laws of Florida.
[2] Chapter 63-1143, s. 7, at 197, Laws of Florida, provides that "[f]our of the members of the Authority shall constitute a quorum and the affirmative vote of a majority of all of the members of the Authority shall be necessary for any action taken by the Authority." However, these requirements relate to voting by the airport authority rather than voting by the county commission to appoint members of the authority.
[3] Webster's New Collegiate Dictionary 624 (1975).
[4] The American Heritage Dictionary 376 (1983).
[5] Black's Law Dictionary 752 (5th ed. 1979).
[6] Words of common usage, when used in a statute, should be construed in their plain and ordinary sense. See, e.g., State v. Egan, 287 So.2d 1, 4 (Fla. 1973); Pedersen v. Green,105 So.2d 1, 4 (Fla. 1958).